BARTLE, (UNITED STATES v.) See Case No. 14,531.

## Case No. 1,073.
### BARTLEMAN v. DOUGLASS.
[1 Cranch, C. C. 450.] [1]
Circuit Court, District of Columbia. Nov. Term, 1807.

PLEADING—ASSUMPSIT—RELEASE—FRAUD.

1. An agreement by the plaintiff to release the defendant upon his executing a deed, is a good defence in assumpsit, the deed being executed.

2. A promise by the defendant to pay the plaintiff an additional sum is a fraud upon the other creditors, and is void.

At law. Assumpsit. Non assumpsit and issue.

Mr. E. J. Lee, for the defendant, gave in evidence an agreement of the plaintiff and other of his creditors, to release him on executing a deed of his property to such trustees as the subscribers should appoint, and that he executed such a deed.

Mr. Swan, for the plaintiff, contended. 1. That the plaintiff never approved the trustees, or the deed. 2. That no release was ever executed by the plaintiff. 3. That the defendant promised to secure the plaintiff in another debt due from the defendant and another.

Mr. E. J. Lee, in reply, cited Cockshot v. Bennett, 2 Term R. 763, and Butler v. Rhodes, Peake, 238.

THE COURT (FITZHUGH, Circuit Judge, contra) refused to instruct the jury that the agreement and deed did not make a good defence at law; being of opinion that the agreement bound the plaintiff to give a release upon the execution of the deed, and a court of equity would have compelled him to execute it; and that in assumpsit it ought to be admitted in evidence on the general issue, it being a fraud upon the defendant as well as upon the other creditors that the plaintiff should refuse to execute the deed after the others had executed it. See Heathcote v. Crookshanks, 2 Term R. 24; Jackson v. Duchaire, 3 Term R. 551; and Jackson v. Lomas, 4 Term R. 166.